UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| MICHAEL EDWARD FLORES,<br>    Plaintiff, | )<br>)<br>) | |
| v. | ) | CAUSE NO.: 2:18-CV-203-JEM |
| ANDREW M. SAUL,<br>Commissioner of the Social Security<br>Administration,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) | |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Michael Edward Flores on May 23, 2018, and Plaintiff's Opening Brief [DE 22], filed November 13, 2018. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On December 11, 2018, the Commissioner filed a response, and on January 9, 2019, Plaintiff filed a reply. For the following reasons, the Court grants Plaintiff's request for remand.

**I.    Background**

On July 28, 2014, Plaintiff filed an application for benefits alleging disability beginning May 10, 2014. Plaintiff's application was denied initially and upon reconsideration. On March 7, 2017, Administrative Law Judge ("ALJ") Diane Davis held a video hearing at which Plaintiff, with counsel, and a vocational expert ("VE") testified. On April 27, 2017, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1.    The claimant has not engaged in substantial gainful activity since July 28, 2014, the application date.

1

2. The claimant has the following severe impairments: fracture of the thoracic spine resulting in fusion, and mild spinal stenosis of lumbar spine.

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

4. The claimant has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b). The claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently. He can stand and/or walk for about six hours total and sit for about six hours total. The claimant can frequently balance, stoop, kneel, crouch, crawl, and climb ramps and stairs. He can occasionally climb ladders, ropes, and scaffolds. The claimant should avoid concentrated exposure to temperature extremes, vibration, and hazards, such as unprotected heights.

5. The claimant is unable to perform any past relevant work.

6. The claimant was 47 years old, which is defined as a younger individual age 18-49, on the date the application was filed. The claimant subsequently changed to an individual closely approaching advanced age.

7. The claimant has at least a high school education and is able to communicate in English.

8. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II. Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and

indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the

important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

## III. Analysis

Plaintiff argues that the ALJ erred in evaluating the medical opinions and failed to properly assess his subjective symptoms. The Commissioner argues that the ALJ's findings are supported by substantial evidence.

Plaintiff argues that the ALJ improperly weighed the opinion of his treating physician, Dr. Chittaranjan Patel. "[A] judge should give controlling weight to the treating physician's opinion as long as it is supported by medical findings and consistent with substantial evidence in the record." *Kaminski v. Berryhill*, 894 F.3d 870, 874 (7th Cir. 2018) (citing 20 C.F.R. § 404.1527(c)(2); *Gerstner v. Berryhill*, 879 F.3d 257, 261 (7th Cir. 2018); *see also Gudgel*, 345 F.3d at 470; *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007). If the ALJ declines to give a treating source's opinion controlling weight, he must still determine what weight to give it according to the following factors: the length, nature, and extent of the physician's treatment relationship with the claimant; whether the physician's opinions were sufficiently supported; how consistent the opinion is with the record

4

as a whole; whether the physician specializes in the medical conditions at issue; and other factors, such as the extent to which an acceptable medical source is familiar with other information in the claimant's case. 20 C.F.R. §§ 404.1527(c)(2)(i)-(ii), (c)(3)-(6). Furthermore, "whenever an ALJ does reject a treating source's opinion, a sound explanation must be given for that decision." *Punzio v. Astrue*, 630 F.3d 704, 410 (7th Cir. 2011).

Dr. Patel completed a "Medical Assessment - Questionnaire Form" in March 2017. He opined that Plaintiff could only stand for a half hour, and sit for one to two hours in a work day. AR 1001. Dr. Patel opined that Plaintiff could "frequently" reach above his shoulders, but only "occasionally" reach down to waist level, reach towards the floor, or handle objects with his hands/fingers. *Id.* Dr. Patel further opined that Plaintiff could lift less than five pounds over an eight hour period and would have difficulty bending, squatting, kneeling, and turning his body. *Id.* The ALJ gave Dr. Patel's opinion little weight, finding that Dr. Patel's opinion was "quite conclusory, providing no explanation of the evidence relied on in forming his opinions," and that the objective evidence in the record did not support Dr. Patel's opinions.

Contrary to the ALJ's implication, there was objective evidence in the record supporting Dr. Patel's opinions. In the section of the form asking why Plaintiff could not stand and sit normally, Dr. Patel wrote "72-76 thoracic vertebral fracture" and "DM polyneuropathy." He also indicated that Plaintiff suffered from chronic back and leg pain. Although the ALJ referenced clinical records indicating normal strength, coordination and gait, he ignored evidence that supported Dr. Patel's assessment, including Dr. Patel's treatment notes. Dr. Patel noted numbness and tingling in Plaintiff's lower legs in 2016 and 2017 at multiple visits. Dr. Patel also noted Plaintiff complained of severe mid dorsal pain (rated 9/10) due to his spinal fracture at multiple visits in 2016. AR 923,

5

926, 928, 930, 932, 934, 936, 938. Later in 2016, Plaintiff reported chronic middle back pain. AR 911, 913, 915, 917, 919, 921. Although the ALJ noted elsewhere in the opinion that Plaintiff generally complained of chronic middle back pain "throughout the record," the decision does not show that the ALJ considered the treatment notes of the treating physician whose opinion she rejected. *Zurawski v. Halter*, 245 F.3d 881, 888 (7th Cir. 2001) ("[A]n ALJ may not ignore an entire line of evidence that is contrary to her findings.") (citations omitted). Nor did she evaluate Dr. Patel's opinion according to the factors prescribed by 20 C.F.R. § 404.1527(c), including the length, nature, and extent of the treatment relationship, along with the frequency of examination. *See Campbell*, 627 F.3d at 308 ("[S]everal of the factors support the conclusion that Dr. Powell's opinion should be given great weight . . . Proper consideration of these factors may have caused the ALJ to accord greater weight to Dr. Powell's opinion.").

Plaintiff also asserts that the ALJ failed to properly analyze his daily activities in the manner prescribed by SSR 16-3p. When determining a claimant's subjective symptoms, the ALJ must consider a claimant's statements about his symptoms, such as pain, and how the symptoms affect his daily life and ability to work. *See* 20 C.F.R. § 404.1529(a); SSR 16-3p, 2017 WL 5180304 (October 25, 2017). The ALJ is not permitted to

> make a single, conclusory statement that "the individual's statements about his or her symptoms have been considered" or that "the statements about the individual's symptoms are (or are not) supported or consistent." . . . The decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the evaluated the individual's symptoms.

SSR 16-3p, 2017 WL 5180304 at *9. "[T]he absence of objective medical corroboration for a complainant's subjective accounts of pain does not permit an ALJ to disregard those accounts." *Ghiselli v. Colvin*, 837 F.3d 771, 777 (7th Cir. 2016); see also *Moore v. Colvin*, 743 F.3d 1118, 1125

6

(7th Cir. 2014) ("[T]he ALJ erred in rejecting [the plaintiff]'s testimony on the basis that it cannot be objectively verified with any reasonable degree of certainty. An ALJ must consider subjective complaints of pain if a claimant has established a medically determined impairment that could reasonably be expected to produce the pain.").

The ALJ stated that Plaintiff's ability to shop, perform personal care activities, and spend time with others "suggests that the claimant is not limited to the extent alleged." However, the ALJ's assessment of Plaintiff's daily activities was superficial. For example, although Plaintiff stated that he could shop, he also stated that he did so "not often and not long maybe once a week," that he only went outside "when I have to," and that he did not go out alone, because "my balance is not good . . . someone has to be with me." The ALJ failed to build a logical bridge from this evidence to his conclusions that Plaintiff's shopping contradicted the rest of his allegations. *O'Connor-Spinner*, 627 F.3d at 618; *see also Mendez v. Barnhart*, 439 F.3d 360, 362 (7th Cir. 2006) ("We have cautioned the Social Security Administration against placing undue weight on a claimant's household activities in assessing the claimant's ability to hold a job outside the home . . . The pressures, the nature of the work, flexibility in the use of time, and other aspects of the working environment . . . often differ dramatically between home and office or factory or other place of paid work.").

The ALJ also gave outsized importance to Plaintiff's ability to walk short distances. The ALJ found that Plaintiff's ability to ambulate during examinations with a normal gait and his lack of tenderness to percussion of the thoracic or lumbar spines showed that Plaintiff was not as limited as he alleged. The ALJ also cited a treatment note from Plaintiff's surgeon stating that Plaintiff was able to "walk and enjoy life" two years following his spinal fusion. The ALJ failed to sufficiently explain how walking in an examination setting is inconsistent with Plaintiff's complaints of pain and

7

difficulty with bending, stooping, and kneeling. *See* SSR 16-3p, 2017 WL 5180304 at *9 (any conclusion about the claimant's allegations must be "clearly articulated so the individual and any subsequent reviewer can assess how the evaluated the individual's symptoms"). Plaintiff alleged that he could not sit for long, and that he needed to stand up and move around to alleviate his back pain. AR 76. He testified that the neuropathy in his hands, arms, and legs created difficulty with reaching, standing or walking for long periods of time. AR 81-82. In his function report, Plaintiff stated that he could walk, but slowly, and not for long. AR 277. The fact that someone can walk in a controlled setting, or for a short time, does not mean that they are not in pain or that they can stand or walk for six hours in an eight-hour work day. *See Perkins v. Astrue*, 498 Fed. Appx. 641, 644 (7th Cir. 2013) (remanding where the ALJ "did not explain how his ability to walk one mile is inconsistent with the limitations that he claimed, or consistent with standing or walking for 6 hours of an 8-hour workday"); *see also Carradine v. Barnhart*, 360 F.3d 751, 755-56 (7th Cir. 2004) (remanding where the ALJ did not show how a claimant "being able to walk two miles is inconsistent with her suffering severe pain").

The ALJ erred in weighing medical opinions and in analyzing Plaintiff's subjective symptoms, creating problems in the RFC analysis. The ALJ is directed to conduct a thorough analysis of the medical evidence, and to evaluate the opinion of Plaintiff's treating physician in the manner prescribed by 20 C.F.R. § 404.1527(c). The ALJ must build a logical bridge between the evidence in the record and the ultimate conclusions, whatever those might be. *See Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009) ("On remand, the ALJ should consider all of the evidence in the record, and, if necessary, give the parties the opportunity to expand the record so that he may build a 'logical bridge' between the evidence and his conclusion.").

## IV. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Opening Brief [DE 20] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 14th day of August, 2019.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record